NATIONAL HOME FOR DISABLED VOLUNTEER SOLDIERS *v.* BUTLER.

*(Circuit Court, D. Massachusetts.* January 12, 1888.)

JUDGE—APPOINTMENT—DISABILITY TO HOLD COURT—REV. ST. U. S. §§ 591, 596.
   Rev. St. U. S. § 591, enacts that when any district judge is disabled from holding court the circuit judge of the circuit in which the district lies may appoint the judge of any other district in the same circuit to discharge the duties of the disabled judge, and that the "appointment shall be filed in the clerk's office, and entered on the minutes of the said district court," etc. An appointment under section 596 was filed in the office of the clerk of the circuit court. *Held,* that it should have been filed in the office of the clerk of the district court, but that the appointment was complete before filing, and that the failure to file as directed did not invalidate the appointment.

At Law. On motion in arrest of judgment.

This action was brought by the National Home for Disabled Volunteer Soldiers against Benjamin F. Butler. The defendant moved in arrest of judgment.

*George P. Sanger,* for plaintiff.

*Benjamin F. Butler* and *E. M. Johnson,* for defendant.

COLT, J. The claim that the judge who presided at the trial was not duly appointed for that purpose is based upon sections 591 and 596 of the Revised Statutes, which, so far as they relate to this question, are as follows:

"Sec. 591. Where any district judge is prevented, by any disability, from holding any stated or appointed term of his district court, or of the circuit court in his district in the absence of the other judges, and that fact is made to appear by the certificate of the clerk, under the seal of the court, to the circuit judge, or, in his absence, to the circuit justice of the circuit in which the district lies, such circuit judge or justice may, if in his judgment the public interests so require, designate and appoint the judge of any other district in the same circuit to hold said courts, and to discharge all the judicial duties of the judge so disabled, during such disability. Such appointment shall be filed in the clerk's office, and entered on the minutes of the said district court, and a certified copy thereof, under the seal of the court, shall be transmitted by the district clerk to the judge so designated and appointed."

"Sec. 596. It shall be the duty of every circuit judge, whenever in his judgment the public interest so requires, to designate and appoint, in the manner and with the powers provided in section five hundred and ninety-one, the district judge of any judicial district within his circuit to hold a district or circuit court in the place or in aid of any other district judge within the same circuit. *   *   **"

The facts are that in pursuance of section 596 the circuit judge designated and appointed Judge CARPENTER to hold the term of the circuit court in aid of the district judge for this district by an instrument in writing, duly signed, which instrument was filed in the office of the clerk of the circuit court. The defendant claims that the instrument of appointment should have been filed in the office of the clerk of the district court, and that the failure so to file it makes the appointment invalid and of no effect, so that the judge had no authority to preside in the circuit court.

It may be assumed, in the first place, that the appointment must be made or evidenced by writing, since it is directed that the "appointment shall be filed in the clerk's office." The provision in section 591 clearly provides, I think, that the filing shall be in the clerk's office of the district court. The words "of the said district court" limit the words "clerk's office" as well as the word "minutes." It therefore remains to ascertain the meaning and scope of the words "in the manner   *   *   *   provided in section five hundred and ninety-one;" or, in other words, to decide what things shall be done in order to comply with the requirements of section 596. While it would hardly be doubted that an appointment under section 596 should be in writing, still it seems to be evident that the language of the appointment should be different. Under section 591 the designation may be to hold both courts, while under section 596 it seems clear that the designation should specify whether the judge appointed was to hold the circuit or the district court, and whether he was to hold it in place of the judge of the district or in aid of him. There might be an argument that the words "in the manner provided," etc., should be construed, as to the place of filing the paper, to mean "in the manner *mutatis mutandis*," so that not only the words of the appointment, but also the place where it should be filed, should vary according to the circumstances and the convenience of the case. Doubtless, as the plaintiffs contend, there must be some variation to meet the circumstances of the case; and perhaps, as to the place of filing, I might safely act on a presumption that the intention of congress was to provide for filing the papers in what is obviously the most convenient place, were it not for one provision in section 591. It will be seen that a judge appointed under section 591 may sit in the circuit court although his appointment is filed only with the clerk of the district court. There is therefore no reason to think that the intent of the legislature will be contravened by such a practice under section 596. I am, therefore, inclined to think, although in my view it is not necessary absolutely to decide, that the designation should have been filed in the office of the clerk of the district court. But I am of opinion that the failure to file the paper in the proper office does not invalidate the appointment. The provision is di-

rectory only. The language is that the "appointment" shall be filed, and this language alone, if there were no other considerations on either side, might be held sufficient to imply that the appointment is complete before it is filed. But the substantial ground of my conclusion is that the filing of the paper is not of the essence of the act to be done, but relates solely to the manner of procedure. The essence of the act is the determination and decision on the part of the circuit judge—*First*, that the public interest requires that a judge be designated; and, *secondly*, that a particular judge is selected for that purpose. The act of putting this on paper and signing it, if signature be necessary, is perhaps the last and essential element of that determination. The filing of the notice seems to have no office except to notify the clerk and the judge that the determination has been made.

Against this view of the scope and intent of the statute nothing can be found in the words of the statute itself. There is no prohibition against procedure otherwise than is directed. The provision that the circuit judge may "designate and appoint" is complete in itself, and the provision as to filing the appointment is afterwards added in separate sentences. There is nothing in the words or in their collocation which obstructs the separation of those provisions which appear to me non-essential and directory from those which are essential and mandatory. If it were held that the filing in the clerk's office is essential it would seem that there could be no escape from the conclusion that the sending of a copy to the designated judge is also essential. Such a conclusion would, as it seems to me, be absurd. For example, there might be a case in which the circuit judge had made his determination and appointment, had reduced his appointment to writing, and delivered it to the judge therein appointed, and that judge had himself delivered the paper to the clerk of the district court, and the clerk had filed and entered the same, and yet the authority of the judge would be incomplete because the clerk had not handed him in return a certified copy of the paper of appointment. This copy, it is observed, could serve no purpose except to notify him of that which he already knew, since there is no provision that he shall preserve it by way of evidence of the facts. I cannot think it safe to follow an argument which leads to such conclusions.

The motion in arrest of judgment is overruled.